UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| NAZAMUD DIN MALIK, | |
| Plaintiff, and | Case No. 20-12229 |
| DISCOUNT DRUGS, LLC, | Honorable Laurie J. Michelson |
| Intervening Plaintiff, | |
| v. | |
| LANDSTAR EXPRESS AMERICAN, | |
| Defendant. | |

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [24] AND DENYING DEFENDANT'S MOTION FOR LEAVE TO CHALLENGE PLAINTIFF'S EXPERT [33]**

In April 2018, Nazamud Din Malik was injured when his work truck was rear-ended by a semitruck. He received no-fault personal protection insurance (PIP) benefits through his employer, Landstar Express American, Inc., for a few months following the accident, but was later medically cleared and returned to work. However, more than six months after he returned to work, Din Malik stopped working again, claiming he was disabled. Six months after that, he sued Landstar in Michigan state court, seeking additional no-fault

benefits related to the April 2018 accident. The action was then removed to this Court.

Landstar says that discovery revealed that Din Malik's more recent injuries are not from the April 2018 accident, but instead from an incident in July 2019 when Din Malik fell from his work truck. So Landstar seeks summary judgment on three grounds. First, Landstar says that because Din Malik did not timely disclose the July 2019 incident, it cannot be liable for providing benefits for those injuries under Michigan law. Second, it argues that Michigan law bars any claim for benefits that accrued more than one year before Din Malik (or the intervening plaintiff, Discount Drugs, LLC) filed suit, which includes benefits for the April 2018 accident. Finally, it argues that Din Malik fully healed from the April 2018 accident, so it cannot be liable for any injuries from that accident after he returned to work in late 2018.

Rather than respond to Landstar's summary-judgment motion, Din Malik filed a motion for remand, which this Court denied. And while its summary judgment motion was pending, Landstar also filed a motion for leave to file a motion to challenge one of Din Malik's treaters as an expert.

For the reasons explained below, the Court will GRANT Landstar's unopposed motion for summary judgment and DENY its motion for leave to challenge the expert as moot.

## I.

Because Landstar's motion for summary judgment is unopposed, Din Malik has not disputed Landstar's evidence. Thus, the following factual summary is taken from evidence submitted by Landstar.

### A.

Din Malik was an independent contractor for Landstar, apparently working as a commercial driver who delivered equipment to hospitals across the country. (ECF No. 24-8, PageID.435, 455.)

On April 8, 2018, while returning from such a trip, Din Malik was injured when his work truck was rear-ended by a semitruck on a snowy highway in Illinois. (ECF No. 24, PageID.354; ECF No. 24-8, PageID.437–438, 490.) So in May 2018, Din Malik submitted an application for benefits to Landstar, claiming injuries to his neck, back, and right knee. (ECF No. 24-5, PageID.394–395.) Landstar approved the application and Din Malik received no-fault PIP benefits for a time. (*See* ECF No. 24, PageID.364.) Because of his injuries, Landstar also told Din Malik that he was no longer physically qualified to operate vehicles for them. (ECF No. 24-8, PageID.426.)

But that changed after Din Malik underwent his first independent medical evaluation in October 2018. (ECF No. 24, PageID.354–355.) The doctor determined that Din Malik had "achieved maximum medical improvement" following the accident and that he did "not continue to suffer from an

3

impairment resulting from the motor vehicle collision." (ECF No. 24-6, PageID.405.) So his benefits were terminated and he returned to work. (ECF No. 24, PageID.364; ECF No. 24-8, PageID.435.)

Din Malik drove for Landstar from November or December 2018 to July 2019 without incident. (ECF No. 24, PageID.371; ECF No. 24-8, PageID.428.) And during that time, he passed his annual physical exam and was recertified as a commercial driver under federal law. (ECF No. 24, PageID.364; ECF No. 24-7.)

But Din Malik stopped working again on July 31, 2019, claiming he was disabled. (ECF No. 24, PageID.366; ECF No. 24-12, PageID.630.) His complaint suggests that his disability is related to the April 2018 accident. (ECF No. 1-2, PageID.17 ("As a result of the automobile accident [on April 8, 2018] . . . Din Malik incurred reasonable and necessary expenses as provided for in the Michigan No-Fault Act[.]").) But according to Landstar, discovery revealed that Din Malik was injured in a second incident on July 27, 2019 when he fell from his truck and hurt his knee. (ECF No. 24, PageID.352, 369, 371.) Indeed, in the second half of 2019, Din Malik repeatedly told his doctors and others that he was injured by "a fall from his truck" on July 27, 2019. (*See, e.g.,* ECF No. 24-12, PageID.630 (Under "Date of Accident," Din Malik listed "07/27/2019"); ECF No. 24-16, PageID.686, 690, 694, 698 (various doctors filling out "Occupational Accident Plans" from December 2019 to October 2020

4

listed "fell off truck at work" (or something similar) as the cause of the accident).)

On July 29, 2020—one year and two days after Din Malik fell from his truck and nearly six months after filing suit in state court—Din Malik filed a second application for benefits with Landstar. (ECF No. 24-3, PageID.387–388 (incorrectly listing date of accident as "7/29/20"); *but cf.* ECF No. 24-8, PageID.448 ("Q. In that application for benefits, it's typed out 'Date and Time of Accident, July 29, 2020.' That's not accurate, is it? A. No, that's not accurate. That must be mistake. Q. It was July 27, 2019. A. Yes, of course.").) Under "Brief Description of Accident," he wrote: "I fell out of my truck, but I believe it was related to my accident of 4/08/2018." (ECF No. 24-3, PageID.387–388.)

Landstar denied the second application for benefits on August 6, 2020 because the notice of loss was too late. (ECF No. 24-4.) It explained that "if the date of loss was July 27, 2019, then this claim would be barred by the Michigan No-Fault Act, because written notice of the loss was not submitted within one year of the date of loss." (*Id.* at PageID.391.) A second letter clarified that "Mr. Din Malik confirmed during [his] deposition that the date of his accident was July 27, 2019. The date of loss was also confirmed to be July 27, 2019 from medical records received." (*Id.* at PageID.392.)

In addition to the October 2018 independent medical evaluation that initially cleared Din Malik back to work and the early 2019 physical exam and

5

federal commercial driver recertification, Din Malik underwent two additional independent medical evaluations in early 2021 that suggest that he has no residual injuries from the April 2018 accident. (ECF No. 24-10, PageID.605 ("There is no evidence of injury noted or ongoing pathology, other than some minor degenerative changes."); ECF No. 24-11, PageID.621 ("Mr. Malik does not have a continued impairment as a result of the accident on April 8, 2018.").)

**B.**

On January 30, 2020, Din Malik filed suit in state court against Landstar and Allstate Fire and Casualty Insurance Company (the insurer of his personal vehicles). He alleged that they had breached the terms of their respective insurance policies as well as their statutory duties under Michigan's No-Fault Act by failing to pay him no-fault PIP benefits. (ECF No. 1-2; ECF No. 24-8, PageID.420.) The case was removed based on diversity of citizenship. (ECF No. 1.) Discount Drugs, LLC (one of Din Malik's treaters) was later permitted to intervene. (ECF Nos. 15, 20.)

Following discovery, Landstar filed a motion for summary judgment. (ECF No. 24.) Rather than respond, Din Malik filed a motion for remand, which this Court denied. (ECF Nos. 28, 31.)

Allstate also filed a motion for summary judgment, which the parties resolved by stipulation. (ECF Nos. 29, 32.) Allstate was then dismissed. (ECF No. 32.)

Finally, while its motion for summary judgment was pending, Landstar sought leave to challenge one of Din Malik's treaters as an expert. (ECF No. 33.) Both motions are now before the Court. The Court finds that oral argument will not aid in resolving the pending motions. *See* E.D. Mich. LR 7.1(f).

## II.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[W]hen faced with an unopposed motion for summary judgment, the district court cannot grant a motion for summary judgment without first considering supporting evidence and determining whether the movant has met its burden." *Byrne v. CSX Transp., Inc.*, 541 F. App'x 672, 675 (6th Cir. 2013); *see also Delphi Auto. Sys., LLC v. United Plastics, Inc.*, 418 F. App'x 374, 381 (6th Cir. 2011) ("[A] district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden." (quoting *Carver v. Bunch*, 946 F.2d 451, 454–55 (6th Cir. 1991))). Nonetheless, when a motion for summary judgment is unopposed, "[n]othing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record." *Guarino v.*

7

*Brookfield Twp. Trustees*, 980 F.2d 399, 405 (6th Cir. 1992). "The court may rely on the moving party's unrebutted recitation of the evidence in reaching a conclusion that facts are uncontroverted and that there is no genuine issue of material fact." *Jones v. Kimberly–Clark Corp.*, 238 F.3d 421 (6th Cir. 2000).

## III.

As jurisdiction is premised on diversity of citizenship, the Court applies the law of the forum state. *See Auburn Sales, Inc. v. Cypros Trading & Shipping, Inc.*, 898 F.3d 710, 715 (6th Cir. 2018). So Michigan law governs here, as both parties acknowledge. (*See, e.g.*, ECF Nos. 1-2, 24.)

Landstar claims that two provisions of Michigan's No-Fault Act release it from liability. *See* Mich. Comp. Laws §§ 500.3105(1), 500.3145(1). The Court will take each in turn.

### A.

First, Landstar makes two arguments related to section 500.3145(1) of the No-Fault Act. It argues that Din Malik is forbidden from making any claims related to the July 2019 fall because he did not inform Landstar of that fall until one year and two days after it occurred. (ECF No. 24, PageID.356–357.) It also argues that Din Malik and Discount Drugs are forbidden from claiming any benefits that arose more than one year before they filed suit. (*Id.*) So, Landstar argues, Din Malik cannot claim any benefits before January 30,

2019, and Discount Drugs cannot claim any benefits before May 19, 2020. (*Id.*) The Court agrees on both counts.

At the time of the 2018 accident discussed in Din Malik's complaint,[1] the statute stated that an "action for recovery of personal protection insurance benefits . . . may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury . . . has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury." Mich. Comp. Laws § 500.3145(1). It also says that "the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced." *Id.* So this provision restricts both the "timing in which an action may be brought and the damages that may be recovered." *Joseph v. Auto Club Ins. Ass'n*, 815 N.W.2d 412, 416 (Mich. 2012) (citing *Devillers v. Auto Club Ins. Ass'n*, 702 N.W.2d 539, 547 (Mich. 2005)).

As Landstar correctly points out, section 3145(1)'s restriction on the timing of filing suit and its restriction on the available remedy both apply here. First, Landstar cannot be liable for any benefits related to the July 27, 2019 fall because Din Malik did not inform it of the accident until he filed an application for benefits on July 29, 2020, one year and two days after the fall.

---

[1] Mich. Comp. Laws § 500.3145 was amended by 2019 Mich. Legis. Serv. P.A. 21 (S.B. 1), made effective June 11, 2019.

*See Joseph*, 815 N.W.2d at 416 ("A person filing a claim for [no-fault] benefits must do so within a year of the accident" unless an exception applies.). Because the motion is unopposed, Din Malik makes no argument that an exception should apply, and the Court sees no reason why an exception should apply on the current record. Second, to the extent that Din Malik or Discount Drugs is making a claim for benefits related to the April 2018 accident that Landstar was timely notified of, they cannot claim any damages they incurred more than one year before they filed suit. So Din Malik cannot claim any benefits before January 30, 2019, and Discount Drugs cannot claim any benefits before May 19, 2020. *See Devillers*, 702 N.W.2d at 547 ("[A]lthough a no-fault action to recover PIP benefits may be filed more than one year after the accident (provided that notice of injury has been given to the insurer or the insurer has previously paid PIP benefits for the injury), § 3145(1) nevertheless limits recovery . . . to those losses incurred within the one year preceding the filing of the action.").

In short, under section 3145(1), Landstar could only be liable for PIP benefits related to the April 2018 accident. And even then, it is only liable for benefits from that accident that were incurred after either January 30, 2019 (as to Din Malik) or May 19, 2020 (as to Discount Drugs).

## B.

But, says Landstar, neither Din Malik nor Discount Drugs are entitled to any benefits whatsoever because the injuries Din Malik sustained in the April 2018 accident were fully healed by late 2018. (ECF No. 24, PageID.360.) Specifically, Landstar argues that "the causal connection [between Din Malik's post-2018 injures and] . . . the April 8, 2018 motor vehicle accident is insufficient to satisfy the 'arising out of' requirement pursuant to MCL 500.3105(1)." (ECF No. 24, PageID.371.) So no benefits incurred after January 2019 or May 2020 can be tied to the April 2018 accident.

The No-fault Act says: "[A]n insurer is liable to pay benefits for accidental bodily injury arising out of the . . . use of a motor vehicle[.]" Mich. Comp. Laws § 500.3105(1). The Michigan Supreme Court has explained that this provision "imposes two causation requirements for no-fault benefits." *Griffith ex rel. Griffith v. State Farm Mut. Auto. Ins. Co.*, 697 N.W.2d 895, 901 (Mich. 2005). "First, an insurer is liable only if benefits are 'for accidental bodily injury[.]'" *Id.* Second, an insurer is liable to pay benefits "only if those injuries 'aris[e] out of' or are caused by the use of a motor vehicle." *Id.* And an injury arises out of the use of a motor vehicle only when "the causal connection between the injury and the use of a motor vehicle . . . is more than incidental, fortuitous, or 'but for.'" *McPherson v. McPherson*, 831 N.W.2d 219, 220 (Mich. 2013) (quoting *Thornton v. Allstate Ins. Co.*, 391 N.W.2d 320 (Mich. 1986)).

11

Landstar attacks only the second causation requirement, arguing that any post-2018 injuries did not "arise out of" the 2018 accident. (*See* ECF No. 24, PageID.371.) It first says that there is no evidence to suggest that Din Malik had any residual injuries from the April 2018 accident. It explains that Din Malik "returned to work, had been certified to drive [his] truck under federal regulations, had driven [the] truck for months to multiple locations without any disability or limitation." (*Id.*) And, it continues, he only stopped working "[a]fter the July 27, 2019 incident . . . The records show that he went on disability for many months and . . . [claimed] that his condition and disability was related to the July 27, 2019 incident. His disability did not arise out of the April 8, 2018 accident." (*Id.*) In addition, Landstar notes that two additional independent medical evaluations performed in 2021 show that any injuries sustained in 2018 have since resolved. (*Id.* at 365–367.)

And, perhaps anticipating a counterargument from Din Malik that never came, Landstar says that the April 2018 accident cannot be causally connected to the July 2019 fall and subsequent injuries. To support this view, Landstar cites *Advisacare Healthcare Solutions, Inc. v. Auto-Owners Insurance Company*. *See* No. 349756, 2020 WL 6110639, at *1 (Mich. Ct. App. Oct. 15, 2020), *appeal denied AdvisaCare Healthcare Sols. v. Auto-Owners Ins. Co.*, 959 N.W.2d 174 (Mich. 2021). In *Advisacare*, the plaintiff was in a car accident that left her with an open wound on her left leg, among other serious injuries. *Id.*

12

at *1. Due in part to her decreased mobility, she later sustained "a number of falls and suffered more injuries to her left leg," which led to an infection that eventually required that the leg be amputated. *Id.* The Michigan Court of Appeals found that the amputation did not "arise out of" the car accident because "the first *injury* directly caused the second *accident*, which in turn caused the second injury." *Id.* at *3 (quoting *McPherson*, 831 N.W.2d at 221). So "the falls that [plaintiff] suffered were too remote and too attenuated from the automobile accident to permit a finding that the causal connection between the accident and infection/amputation were 'more than incidental, fortuitous, or 'but for.'" *Id.* Similarly, Din Malik's 2019 fall did not arise out of the 2018 accident because it was "too remote and too attenuated." *See id.* Indeed, at least on this record, it is not clear that the 2018 accident and the 2019 fall are related in any way. *See id.*; *see also Spectrum Health Hosps. v. Farmers Ins. Exch.*, No. 329907, 2017 WL 685646, at *4 (Mich. Ct. App. Feb. 21, 2017) ("Wheeler's April 2013 injury resulted from the 'intervening [slip and fall] accident' rather than being a direct result of the 1989 accident."). So Landstar is not responsible for any post-2018 benefits related to the 2018 accident.

* * *

To summarize, according to section 500.3145(1), Landstar is only liable for benefits related to the 2018 accident that were incurred after either January 30, 2019 (as to Din Malik) or May 19, 2020 (as to Discount Drugs).

13

But, according to section 500.3105(1), Landstar is not liable for any post-2018 benefits that did not arise out of the 2018 accident. So, in combination, sections 500.3105(1) and 500.3145(1) absolve Landstar of liability for either accident.

## IV.

Having examined the record and considered Landstar's unopposed motion, the Court finds that Landstar has discharged its summary-judgment burden of showing that Din Malik is not entitled to no-fault benefits. So Landstar's motion (ECF No. 24) is GRANTED. And because that motion is granted, Landstar's subsequent motion to exclude one of Din Malik's experts (ECF No. 33) is DENIED as moot. A separate judgment will follow.

SO ORDERED.

Dated: December 22, 2021

                                            s/Laurie J. Michelson
                                            LAURIE J. MICHELSON
                                            UNITED STATES DISTRICT JUDGE