UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| NAZAMUD DIN MALIK,<br><br>Plaintiff, and<br><br>DISCOUNT DRUGS, LLC,<br><br>Intervening Plaintiff,<br><br>v.<br><br>LANDSTAR EXPRESS AMERICAN,<br><br>Defendant. | Case No. 20-12229<br><br>Honorable Laurie J. Michelson |

**OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR RELIEF FROM JUDGMENT [38]**

Nazamud Din Malik (and his attorney) ask this Court for a do-over. In December 2021, the Court granted Landstar Express American's motion for summary judgment after it was sued by Din Malik for no-fault insurance benefits under Michigan law. *See Din Malik v. Landstar Express Am.*, No. 20-12229, 2021 WL 6063647, at *1 (E.D. Mich. Dec. 22, 2021). As the Court noted at that time, Landstar's motion for summary judgment was unopposed. *Id.* at *1. And not only did Din Malik miss the deadline to file a response, but the Court waited over six months after the filing of the motion to grant it and dismiss the case. *See id.*

Now Din Malik and his attorney seek relief from judgment under Federal Rule of Civil Procedure 60(b)(1), asking the Court to revive his case because his failure to

file a response was excusable neglect. (ECF No. 38.) Landstar opposes the motion. (ECF No. 39.)

Because attorney errors like this are not "excusable" under Rule 60(b)(1), the Court will deny the motion.

## I. Legal Standard

Federal Rule of Civil Procedure 60 provides several grounds for relief from a judgment. But, as Din Malik seems to acknowledge (ECF No. 38, PageID.1091), the only relevant ground for relief here is subsection 60(b)(1), which provides that "the court may relieve a party or its legal representative from a final judgment . . . for . . . mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1). And because Rule 60(b) is limited by "public policy favoring finality of judgments and termination of litigation," Din Malik must prove mistake or excusable neglect by clear and convincing evidence. *See Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

## II. Analysis

Din Malik's attorney explains that he "mistakenly failed to file a response to the Motion for Summary Judgment because [he] was under the impression that the motion would not be heard until a decision was reached by Defendant as to whether it would accept, modify, or refuse [a proposed] stipulated order" that would have resolved the motion. (ECF No. 38, PageID.1088.) In explaining why Din Malik is entitled to relief, his lawyer says he "assum[ed] that Defense counsel would indicate whether it agreed to the proposed order (or had any edits) or intended to proceed with

2

the motion." (*Id.* at PageID.1087.) In other words, despite acknowledging that "he fell short of best practices," Din Malik's counsel says that the mistake was due to an oversight or to miscommunication with defense counsel. (*Id.* at PageID.1088.)

For starters, and unfortunately for Din Malik, "clients must be held accountable for the acts and omissions of their attorneys." *McCurry v. Adventist Health Sys./Sunbelt, Inc.,* 298 F.3d 586, 594 (6th Cir. 2002) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs.,* 507 U.S. 380 (1993)). Accordingly, the issue of excusable neglect "does not turn solely on whether the *client* has done all that he reasonably could to ensure compliance with a deadline; the performance of the client's *attorney* must also be taken into account." *Allen v. Murph,* 194 F.3d 722, 724 (6th Cir. 1999) (citing *Pioneer,* 507 U.S. at 396).

Given this context, a lawyer's "failure to submit a filing at all constitutes neglect." *B & D Partners v. Pastis*, No. 05-5954, 2006 WL 1307480, at *2 (6th Cir. May 9, 2006); *see also Jinks v. AlliedSignal, Inc.,* 250 F.3d 381, 386 (6th Cir. 2001) ("'[N]eglect' must be given its ordinary meaning, which . . . include[s] 'late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.'" (quoting *Pioneer,* 507 U.S. at 388)).

But the real question is whether that neglect was *excusable*. The answer here is no. "The failure to respond to a motion for summary judgment or to request an extension of time to file a response thereto is inexcusable neglect." *Kendall v. Hoover Co.,* 751 F.2d 171, 175 (6th Cir. 1984) (internal quotation marks omitted) (finding neglect inexcusable where plaintiffs missed deadline due to need to gather further

3

evidence); *see also Howard v. Nationwide Prop. & Cas. Ins. Co.*, 306 F. App'x 265, 267 (6th Cir. 2009) (finding neglect inexcusable where plaintiff's counsel failed to place the deadline for responding [to the motion for summary judgment] on his calendar); *B & D Partners*, 2006 WL 1307480, at *2 (finding neglect inexcusable when defendant's attorneys missed the deadline due to miscommunication). That is precisely what occurred here, as Din Malik neither filed a response to Landstar's summary judgment motion nor asked the district court for an extension. *See* Fed. R. Civ. P. 6(b). And to whatever extent Din Malik's counsel failed to file a response because he thought the motion could be resolved by stipulation, that does not make the neglect excusable either. *See Cacevic v. City of Hazel Park,* 226 F.3d 483, 490–91 (6th Cir. 2000) (finding neglect inexcusable where failure to file response to motion for summary judgment was due to informal agreement with defense counsel to permit a late filing). Indeed, Din Malik and his attorney "knew that the district court was a key player (if not *the* key player) in the summary judgment process, yet they kept the court completely 'in the dark' [as to any negotiations about the motion] until well past the filing deadline." *See id.* at 491.

Din Malik does not acknowledge *Kendall* and instead asks the Court to apply the factors identified in *Nafziger v. McDermott International, Incorporated. See* 467 F.3d 514, 522 (6th Cir. 2006). (ECF No. 38, PageID.1092.) But, as Landstar points out, the *Nafziger* factors only apply to cases of procedural default. (ECF No. 39, PageID.1137); *see Burnley v. Bosch Americas Corp.*, 75 F. App'x 329, 333 (6th Cir. 2003) ("[W]here the district court granted summary judgment on the merits, rather

4

than on procedural default, the[ *Nafziger*] factors are not controlling."); *see also Yeschick v. Mineta*, 675 F.3d 622, 629 (6th Cir. 2012) (collecting cases). So, here, the factors do not apply because the Court granted Landstar's motion for summary judgment on the merits. *See Din Malik*, 2021 WL 6063647, at *5 ("Having examined the record and considered Landstar's unopposed motion, the Court finds that Landstar has discharged its summary-judgment burden of showing that Din Malik is not entitled to no-fault benefits.").

And Din Malik's citation to *Gerber v. Herskovitz* does not change the calculation. *See* No. 19-13726, 2020 WL 7122078, at *2 (E.D. Mich. Dec. 4, 2020). In *Gerber*, the district court found that a lawyer's neglect was excusable when a petition "was filed one day late—on a Sunday—and had absolutely no effect on judicial proceedings. . . . [and because] Plaintiffs are not prejudiced." *Id.* This case is different in every way. No response was ever filed, let alone one day late. And no request for extension of time was made despite knowing that the parties' negotiations regarding a resolution of the motion had exceeded the response time. Also, Din Malik's attorney's neglect had a substantial effect on the judicial proceedings here. Indeed, this Court already carefully reviewed the summary judgment record, issued an opinion, and dismissed the case. Moreover, Landstar would be prejudiced as it has already received a final judgment in its favor after diligent compliance with this Court's deadlines. So *Gerber* provides no refuge.

Finally, Din Malik's attorney notes that "Mr. Din Malik has absolutely acted in good faith and does **not** deserve to have his entire case thrown out as a result of

5

this unfortunate incident." (ECF No. 38, PageID.1093–1094.) While the Court acknowledges that losing a case in this manner is somewhat harsh medicine, it is not unforeseen. Failing to respond to a well-supported dispositive motion will typically result in dismissal of the case. And, as mentioned, Din Malik is responsible for the actions of his attorney. Indeed, the Supreme Court is clear that "a client, having chosen a particular attorney to represent him in a proceeding, cannot avoid the consequences of the acts or omissions of this freely selected agent and that any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." *Pioneer*, 507 U.S. at 396 (internal quotations omitted).

### III. Conclusion

Because Din Malik has not proven that he is entitled to relief from judgment by clear and convincing evidence, the Court DENIES the motion. (ECF No. 38.)

SO ORDERED.

Dated: March 30, 2022

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE
